354 So.2d 112 (1978)
Robert G. WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-672.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Brian R. McComb; Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
The defendant, Robert G. Williams, appeals an adjudication of guilty of murder in the first degree and a sentence of life imprisonment. Williams was found guilty by a jury of having murdered one Ernest Hunter. On this appeal, two points are presented. The first urges that the trial court committed reversible error in allowing testimony of the alleged fact that Williams had previously robbed one Roosevelt Hunter, the brother of the deceased victim. The second point urges that the trial court erred in denying defendant's motion for a mistrial after reference was made by a witness to the defendant's having been in prison.
With regard to the second point, we have examined the record in the light of this contention and find that there was a full, curative instruction given by the court and that the inadvertent statement by the witness was not sufficient to require reversal for the failure to declare a mistrial. See the rule of law in Perry v. State, 146 Fla. 187, 200 So. 525 (1941); Kelly v. State, 202 So.2d 901 (Fla.2d DCA 1967); and Garcia v. State, 142 So.2d 318 (Fla.2d DCA 1962).
Turning to the more serious question presented by the first point, it is clear from the record that the State secured the agreement of the trial court to the admissibility of the objectionable evidence by a statement that it would present witnesses who would show that the robbery was relevant to the question of motive for the murder. The State urged in the trial court that its witnesses would show (1) that the defendant committed a robbery of the goods of Roosevelt Hunter, (2) that Roosevelt Hunter and his brother, Ernest Hunter, were known to be "looking for" Robert G. Williams *113 concerning the robbery, and (3) that in order to protect himself, Robert G. Williams then killed Ernest Hunter.
We have carefully reviewed the record in the light of this contention and although we find that the State did not come forward with all of the evidence that it promised the court, nonetheless there was sufficient evidence in the record from which a jury could determine that the motive for the murder was an attempt by Williams to protect himself from the revenge which he had reason to anticipate from the victim, Ernest Hunter, and his brother, Roosevelt Hunter. We therefore, hold that the admission of the evidence was not error. See State v. Statewright, 300 So.2d 674 (Fla. 1974); and Licht v. State, 148 So.2d 295 (Fla.3d DCA 1963). See also Williams v. State, 110 So.2d 654 (Fla. 1959).
Accordingly, the judgment and sentence are affirmed.