SHIVERS, Judge.
Holley appeals his convictions on two counts of accessory after the fact to armed robbery and two counts of accessory after the fact to attempted murder. We must reverse because the wholly circumstantial evidence adduced by the State was insufficient to withstand the defense motion for judgment of acquittal.
Acting on a tip that a robbery was about to take place, police observed Charles Williams and Frank Boyd entering and exiting the bank shortly before an alarm sounded. Within a half hour pursuant to another tip, police went to Holley’s home and saw him get into his automobile with Williams and Boyd as passengers. As the car approached them, plain-clothed detectives jumped in front of it, brandishing firearms. The detectives said they identified themselves as police officers. Shots were fired from the passengers’ side of the car, police returned the gunfire, and the car backed up wildly, hitting a ditch or culvert. The doors flew open and the occupants fled in separate directions. Holley was found lying in a pile of leaves in the woods, a cigarette pack and an unspecified sum of money strewn through the leaves. “Bait money” used by the bank was not recovered.
To prove the crime of accessory after the fact, the State must establish that the defendant did “maintain or assist the principal or accessory before the fact, or give the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment.” Section 777.03 Florida Statutes (1979).
Although the evidence as described above may have been sufficient to convince a jury of Holley’s complicity, it was legally insufficient. The evidence was circumstantial, and “no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of inno *66 cence.” McArthur v. State, 351 So.2d 972, 976 n.12 (Fla.1979) (citations omitted). We cannot overlook the obvious possibility that Holley knew nothing of the robbery, that he was simply driving down the street with his friends when he found himself caught in the crossfire of a gun battle and instinctively fled the scene for his own protection. Therefore, we are obliged to reverse the conviction.
Accordingly, the sentences are vacated and the judgment is reversed.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.