439 So.2d 973 (1983)
Herbert MARSHALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-802.
District Court of Appeal of Florida, Third District.
October 25, 1983.
*974 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Penny H. Brill, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT, and JORGENSON, JJ.
PER CURIAM.
The sole point on appeal is whether the defendant is entitled to a new trial where a lab technician testified that the defendant's fingerprints matched those taken from a master file of persons previously booked at the Dade County jail, thereby implying that the defendant had a prior arrest. Viewing the record in light of this contention, we find that the curative instruction given by the court was sufficient to dissipate any prejudicial effects of the technician's comment. Smith v. State, 365 So.2d 405 (Fla. 3d DCA 1978) (if requested, curative instruction would have corrected any prejudice to defendant caused by reference to commissary slips which could only have been signed by one in jail), pet. for review denied, 402 So.2d 613 (Fla. 1981); Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978) (reference by witness to fact that defendant had been in prison cured by instruction); Flowers v. State, 351 So.2d 764 (Fla. 3d DCA 1977) (denial of motion for mistrial proper when officer's statement that he recognized the defendant from "previous things" was subject of curative instruction). See also Williams v. State, 438 So.2d 152 (Fla. 3d DCA 1983); Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982) (same result where reference is to "mug shot" of defendant).
Accordingly, we affirm.