444 So.2d 490 (1984)
William Gregory GAWRONSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 82-826.
District Court of Appeal of Florida, Second District.
January 11, 1984.
Rehearings Denied February 3, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The appellant was convicted and sentenced for burglary, grand theft, and accessory after the fact to attempted robbery. While the circumstantial evidence *491 adduced was sufficient to sustain the convictions for burglary and theft, we find that it was not inconsistent with any reasonable hypothesis other than guilt of the accessory offense. Therefore, we affirm the convictions and sentences for burglary and grand theft, but reverse the conviction for accessory after the fact.
The facts pertinent to our reversal on the accessory charge are as follows. During the early evening of October 3, 1981, an attempted robbery of Long John Silver's restaurant in Lakeland was reported to police. A man, later identified as Wesley Twelves, entered the restaurant and walked up and down the aisle several times between the exit and the area of the cash register. Twelves stared at the register for a time and then suddenly rushed toward the cashier, Theresa Williams, who was attending the register. She threw her weight against the cash drawer, locking it. Twelves then struck her, knocking her to the floor. After he unsuccessfully attempted to pry open the cash register drawer, he ran out the door. A customer, Raymond Muoio, heard the cashier scream and saw her fall to the floor. He immediately ran into the parking lot after Twelves to identify his car and get his license number. Twelves jumped into the passenger side of a yellow Audi with a driver who had the motor running. Mr. Muoio could not identify the driver. The car sped off. Later, Lakeland police officers engaged the same car in a high speed chase which ended when the car crashed into a police car. Twelves and Gawronski, who was the driver and owner of the car, were arrested.
At trial, Gawronski testified that he was neither at the restaurant nor driving his car at that time. Instead, he testified that he had loaned his car to Twelves earlier in the evening and that he had waited at a friend's house for Twelves to return. When Twelves returned, he did not say where he had gone or what he had done. Gawronski then drove his car a short distance when an unmarked police car chased him causing him to be innocently frightened, whereupon his car crashed into a marked police car. He and Twelves were then arrested.
To prove the offense of accessory after the fact against Gawronski, the state had to prove beyond a reasonable doubt that he maintained, assisted, or gave Twelves aid, knowing that Twelves had committed the attempted robbery, with the intent that Twelves avoid or escape detection, arrest, trial or punishment. § 777.03, Fla. Stat. (1981); Schramm v. State, 374 So.2d 1043 (Fla. 3d DCA 1979). Because the evidence of defendant's guilt was circumstantial, his conviction could not be sustained unless the evidence was both consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Thomas v. State, 374 So.2d 508 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980); McArthur v. State, 351 So.2d 972 (Fla. 1977); Davis v. State, 90 So.2d 629 (Fla. 1956); Mayo v. State, 71 So.2d 899 (Fla. 1954); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). It is not enough that the facts create a strong probability of, and are consistent with, guilt. Rather, for a conviction to stand, those facts must also eliminate all reasonable hypotheses of innocence. Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983).
We find that the circumstantial evidence in the instant case was not sufficient to exclude a reasonable hypothesis of innocence. The car at the restaurant was Gawronski's. The state's theory at trial was that Gawronski was the driver at that time and that he aided Twelves' escape knowing that Twelves had committed the attempted robbery. When the car was stopped later, Gawronski was the driver. That fact does not place Gawronski at the restaurant. No one saw him at the restaurant or in the car there. No evidence adduced by the state showed Gawronski's story of the loan of his car to Twelves to be false. The presence of his car at the scene would demonstrate that Gawronski might have been there; but that was neither sufficient to establish his knowledge of Twelves' crime nor proof that he aided or assisted Twelves with the intent that Twelves avoid detection, *492 arrest, trial or punishment while he was possessed of that knowledge. Holley v. State, 406 So.2d 65 (Fla. 1st DCA 1981).
Therefore, we reverse his conviction for accessory after the fact because of insufficient evidence and direct that he be discharged for that offense. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). His other convictions and sentences for grand theft and burglary are affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.