FERGUSON, Judge.
Appellant seeks review of judgments and sentences for attempted murder, attempted armed robbery and accessory after the fact to attempted armed robbery.
The single issue of merit in this appeal challenges the adjudication of the defendant as both a principal and an accessory after the fact in the commission of an attempted robbery. We hold that he may not be convicted and sentenced for both offenses.
Section 777.03, Florida Statutes (1985) provides:
Whoever ... maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact_(emphasis supplied).
See Gawronski v. State, 444 So.2d 490 (Fla. 2d DCA 1984) (to prove offense of accessory after the fact to attempted robbery, state must prove that defendant maintained, assisted, or gave aid to principal, knowing that principal had committed attempted robbery with intent that principal avoid or escape detection, arrest, trial, or punishment); see also 1 C. Torcia, Wharton’s Criminal Law § 33 (14th ed. 1978) (an accessory after the fact renders aid to a felon after the underlying felony has been completed).
In legal and logical contemplation, as to a single offense of attempted robbery, the principal offender and the person giving aid to the offender afterwards cannot be one and the same.
The conviction and sentence for accessory after the fact is reversed. Otherwise we affirm.
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.