500 So.2d 297 (1986)
Susan STATEN a/K/a Susan Ann Staten, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2194.
District Court of Appeal of Florida, Second District.
December 23, 1986.
*298 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
We find that appellant was properly convicted of second-degree murder, armed robbery, aggravated battery, and three counts of accessory after the fact. However, her sentence must be reversed because a number of the reasons given for departure from the guidelines cannot stand.
All charges against appellant stemmed from a shooting incident which occurred on the evening of February 7, 1984. At approximately 11:00 p.m., appellant and four others drove to a point across the street *299 from a service station. Three persons got out of the car while appellant and one other remained in the car. Two of them approached Huggins, a well-known drug dealer, who was standing outside the service station talking to several people. One of the assailants held a gun in his hand while they both searched Huggins' pockets. At the same time the third person approached two bystanders, put a gun in their faces, and demanded money or jewelry. Then one of them shot Huggins, killing him. More shots were fired and one of the bystanders was shot in the arm. Thereafter, the three persons returned to the car, and appellant drove them to her mother's house.
In attacking her convictions and the sentences imposed, appellant raises several points which merit discussion.
Appellant first contends that the trial court erred in denying her motion to declare a mistrial when a state witness referred to an unrelated offense allegedly committed by appellant. During rebuttal, the prosecutor asked the arresting detective if prior to interviewing appellant, he had advised her of anything. The detective responded in the affirmative. The prosecutor then inquired if appellant was under arrest at that time. The response was "yes, she was for an unrelated circumstance." Rather than granting the motion for mistrial, the court sustained defense counsel's objection and instructed the jury to disregard the statement. It appears that the officer's objectionable response was unsolicited. Under the circumstances, the court's curative instruction was sufficient to dispel any prejudicial effect of the detective's comment. Marshall v. State, 439 So.2d 973 (Fla. 3d DCA 1983); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982); Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978); and Sykes v. State, 329 So.2d 356 (Fla. 1st DCA 1976).
Appellant next asserts that the court erred in failing to instruct on an element of one of the crimes. Appellant was charged with robbery by use of a firearm. The evidence presented at trial established that a firearm was used to commit the robbery. The jury was instructed on robbery, but the court did not mention a firearm or deadly weapon. Appellant did not object to the charge as given. The jury returned a verdict of guilty as charged in the indictment. Failure to instruct on an element of the crime does not constitute fundamental error where, as here, it is clear that there was no dispute as to that element. Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981).
Thirdly, appellant argues that her accessory after the fact convictions should be reversed because the accessory charges arose out of those charges of which she was convicted as a principal. However, each of the charges against her constituted separate crimes because each of them required proof of a statutory element which the others did not. State v. Baker, 456 So.2d 419 (Fla. 1984). We do not find our view inconsistent with Maquiera v. State, 494 So.2d 292 (Fla. 3d DCA 1986), in which the court stated that "the principal offender and the person giving aid to the offender afterwards cannot be one and the same." Maquiera at 293. We read Maquiera, as involving a situation where there was only one perpetrator involved in the crime. Here, appellant was not only a principal in her own right; she also waited in the automobile while her three associates executed the crimes and she then aided each of them in their escapes. Morman v. State, 458 So.2d 88 (Fla. 5th DCA 1984).
Lastly, appellant argues that the court erred in departing upward from the range of years recommended by the sentencing guidelines. The court's order of departure reads in pertinent part:
The Court finds that at the time the defendant committed the offenses of which she was convicted herein she was on probation for aggravated battery in case number 81-3193, Circuit Court, Hillsborough County, Florida.
The Court further finds that the evidence in the instant cases indicates that this defendant knowingly participated in *300 a plan to commit a robbery involving the use of firearms, which plan was fraught with the potential for violence and created an extreme risk to the physical safety of other citizens, and which in fact did result in the murder of the robbery victim and the aggravated battery with a firearm of another bystander.
The Court further finds that the defendant's being on probation for the violent personal crime of aggravated battery, together with the evidence of her participation in the offenses for which she was convicted herein, including her aid to three of the other principals in escaping, indicate a pattern of utter disrespect for the law and violent criminality, and that prior alternative to incarceration have failed.
An analysis of the reasons follows:
The fact that appellant was on probation at the time of the commission of the instant offenses is an invalid reason for departure as it is already factored into the guidelines computation. Scurry v. State, 489 So.2d 25 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986); Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986).
Knowing, calculated participation in dangerous crimes is not a permissible departure reason. See Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986).
Creating extreme risk to safety of others can be a basis for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986). Since there were several persons in the immediate area whose safety was put at risk by the commission of the crimes, this constituted a valid reason for departure.
Patterns of violent conduct and utter disrespect for the law is not a clear and convincing reason for departure where the only evidence to support such a finding is based on the defendant's prior record. See Williams v. State, 492 So.2d 1308 (Fla. 1986).
Prior alternatives to incarceration have failed is not a valid reason for departure where the guidelines recommend incarceration. See Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986).
We cannot conclude beyond a reasonable doubt that the court would have departed had it known that four of the five reasons relied upon were invalid. Hence, appellant must be resentenced. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We also agree with appellant's contentions that because of the applicability of the guidelines, the court should not have retained jurisdiction over one-third of appellant's sentence. State v. Mobley, 481 So.2d 481 (Fla. 1986); McPhaul v. State, 496 So.2d 1009 (Fla. 2d DCA 1986); Kerr v. State, 481 So.2d 1233 (Fla. 2d DCA 1985).
We affirm appellant's convictions. We vacate the sentences and remand for resentencing.
SCHOONOVER and LEHAN, JJ., concur.