BLUE, Judge.
F.M. appeals from an adjudication of delinquency for accessory after the fact. Section 777.03, Fla.Stat. (1991). This case must be reversed because the state failed to establish a prima facie case.
A witness observed F.M.’s codefendant near a parked car. The codefendant then entered F.M.’s car and they drove away. Seconds later, the interior of the parked car began to burn. The codefendant was charged with arson of the car, and F.M. with accessory after the fact.
To support a conviction for the crime of accessory after the fact, the state had to prove that F.M. maintained, assisted or gave the codefendant aid, knowing that the codefendant had committed the offense of arson, with the intent that the codefend-ant avoid or escape detection, arrest, trial or punishment. Gawronski v. State, 444 So.2d 490 (Fla. 2d DCA 1984). Although highly suspicious, proof that F.M. and his codefendant were near in time and locale to an unexplained fire does not constitute arson. See G.H. v. State, 599 So.2d 231 (Fla. 3d DCA 1992). By failing to establish the underlying crime of arson, the state failed to present a prima facie case for accessory after the fact.
At F.M.’s trial, no testimony or evidence was offered to prove that the fire was the result of the codefendant’s criminal action. We conclude the state failed to establish a prima facie case because it failed to prove that the codefendant had committed the offense of arson. Accordingly, we reverse F.M.’s adjudication and remand with instructions that F.M. be discharged.
RYDER, A.C.J., and PARKER, J., concur.