WARNER, C.J.
On appeal from his conviction for strong armed robbery, appellant contends that the state failed to present a prima facie case of guilt and thus the trial court erred in failing to grant his motion for judgment of acquittal. We affirm and write to distinguish Gawronski v. State, 444 So.2d 490 (Fla. 2d DCA 1984).
In this case, the victim was working at a dry cleaners when two men came in demanding money. They took approximately $28, which included some loose quarters and a roll of nickels. One perpetrator had a red shirt on, but the victim could not remember the other man’s clothing. After the suspects left, she was able to take down the license plate of the getaway car.
Within two minutes, the police responded to the alarm at the cleaners which was activated when the perpetrators opened *558 the cash drawer. The victim provided the officer with a description of the car and told him that the suspect who was not wearing the red shirt climbed into the passenger side of the auto, as though the door was inoperable. Less than fifteen minutes later, a car matching the description given by the victim was stopped. When the occupants exited the vehicle, he noticed that the appellant exited through the passenger window. The appellant was searched by the officer who recovered a few quarters and some bills. The officer, then brought the victim to the car who positively identified the driver but could not be positive about the identification of appellant as one of the robbers, although his size was consistent with her description of the second man. Appellant was taken to the police station, and after being given his Miranda warnings, told the officer that he had been driving around all day in the car.
In Gawronski upon which the appellant relies for reversal, the court held that the circumstantial evidence in that case was insufficient to exclude a reasonable hypothesis of innocence. See id. at 491. The facts, as revealed in the court’s opinion, showed that although the car at the restaurant where the robbery took place belonged to Gawronski, no one could place him- at the scene. Gawronski’s defense was that he had loaned his vehicle to his co-defendant and that at the time of the incident he was at a friend’s house waiting for the co-defendant’s return. Gawronski then drove his car a short distance when he was stopped by the police. Thus, Gaw-ronski contended he was at a different location at the time his vehicle was being used in the robbery.
The facts of the instant case are distinguishable. First, there was direct evidence by the victim that the vehicle owned by appellant and in which appellant was riding had been the getaway car at the scene of the robbery just minutes before being stopped by the police. On questioning, and unlike the testimony in Gawron-ski, the appellant told the police that he had been driving around in his car all day. Thus, appellant’s statement would have been sufficient to place him at the scene of the robbery which had occurred shortly before his apprehension by the police.
The evidence presented by the state, particularly appellant’s statement that he was in the vehicle for the hour prior to his contact with police, was inconsistent with his theory that he was not at the robbery scene, where his vehicle was positively identified. See State v. Law, 559 So.2d 187, 188 (Fla.1989). Therefore, the motion for judgment of acquittal was properly denied.
Affirmed.
SHAHOOD and TAYLOR, JJ., concur.