756 So.2d 230 (2000)
Hurley Lee BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2667.
District Court of Appeal of Florida, Third District.
April 26, 2000.
*231 Robbins, Tunkey, Ross, Amsel, Raben & Waxman and Benjamin Waxman, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH, RAMIREZ, JJ.

ON MOTION FOR CLARIFICATION
RAMIREZ, J.
Upon consideration of the motion for clarification filed by the appellee, The State of Florida, we withdraw the opinion filed in this case on March 8, 2000 and substitute the following revised opinion.
Hurley Lee Brown appeals his convictions and sentences for two counts of armed robbery. We affirm the convictions, but reverse and remand for resentencing in light of the recent decision of the Supreme Court of Florida in State v. Thompson, 750 So.2d 643 (Fla.1999)(the Gort Career Criminal Act, ch. 95-182, Laws of Fla. (amending section 775.084, Florida Statutes) is unconstitutional as a violation of the single-subject rule of article III, section 6 of the Florida Constitution).
Brown raises three evidentiary points on the appeal of his convictions. The first issue relates to testimony that Brown gave a false name when the police stopped him two weeks after the alleged robbery. As the Supreme Court of Florida stated in Escobar v. State, 699 So.2d 988 (Fla.1997):
[E]vidence of flight, concealment, or resistance to lawful arrest after the fact of a crime is admissible as "being relevant to consciousness of guilt which may be inferred from such circumstances." Straight v. State, 397 So.2d at 903, 908 (Fla.1981). However, in applying this principle to a particular case, there must be evidence which indicates a nexus between the flight, concealment, or resistance to lawful arrest and the crime(s) for which the defendant is being tried in that specific case. This is necessary in the application of this rule of law since the evidence creates an inference of a consciousness of guilt of the crime for which the defendant is being tried in that case.
Id. at 995. More recently, in Thomas v. State, 748 So.2d 970 (Fla.1999), the court stated that the admission of this evidence *232 is within the trial court's discretion and will not be reversed unless the defendant demonstrates an abuse of discretion. The court affirmed the admission of flight activity which occurred eleven days after a murder. We likewise find no abuse of discretion in the instant case where the victims knew Brown by name and the police had been to his house attempting to locate him during the fourteen days between the robbery and Brown's arrest.
Brown next alleges error in his cross-examination by the prosecution regarding the nature and extent of his prior convictions. We hold that this issue was not preserved for review. Brown voluntarily took the stand and attempted to minimize the extent and seriousness of his priors. The state was thus justified in challenging Brown's testimony on cross examination. Once "the direct examination opens a general subject, the cross-examination may go into any phase, and may not be restricted to mere parts...." Coxwell v. State, 361 So.2d 148, 151 (Fla.1978). See also Geralds v. State, 674 So.2d 96, 99 (Fla.1996)("cross examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut, or make clearer the facts testified to in chief.")(quoting Coco v. State, 62 So.2d 892, 895 (Fla.1953)).
Brown also complains about the unsolicited testimony of one of the victims who referred to Brown's having been in jail at a certain time. The trial court promptly sustained the defense objection to that testimony and instructed the jury to ignore it. See Marshall v. State, 439 So.2d 973 (Fla. 3d DCA 1983); Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978). Considering that the jury heard testimony regarding Brown's fourteen prior convictions, we fail to see how this brief reference to incarceration was prejudicial.
Finally, Brown was sentenced as a violent career criminal to two life terms under the Gort Act amendments to section 775.084, Florida Statutes. As stated previously, in State v. Thompson, that Act was declared unconstitutional. Noting that Brown's offense occurred on February 9, 1996, within the accepted window period for single-subject challenges in this district, see Lee v. State, 739 So.2d 1175, 1176 (Fla. 3d DCA 1999)(applicable window for single-subject challenges is from October 1, 1995 through May 24, 1997); see also State v. Johnson, 616 So.2d 1, 4 (Fla.1993)(single-subject violation in habitual offender statute amendment is fundamental error),[1] we reverse the sentences and remand the case for resentencing "in accordance with the valid laws in effect at the time [Brown] committed [his] offenses." Thompson, 750 So.2d at 649.
Affirmed in part, reversed in part, and remanded for resentencing.
NOTES
[1] See also Roger v. State, 749 So.2d 1275 (Fla. 3d DCA 2000); accord Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998).