PALMER, J.
William Howard Johnston, III appeals his conviction for aggravated battery raising two claims of trial error. We affirm.
Johnston was charged with aggravated battery and false imprisonment. The evidence at trial included testimony that Johnston beat his girlfriend repeatedly over a number of days to the point where she was barely recognizable by her mother, she sustained lasting pain, she had a loss of hearing, and she was unrecognizable by a police officer who had seen her the prior day.
Johnston first contends that the trial court erred in denying his motion for mistrial. The motion was made when the victim testified, after being asked if Johnston had explained to her the source of his anger, that he was angry at her because she had not visited him when he was in jail. Defense counsel objected and moved for mistrial, arguing that the victim’s statement improperly informed the jury of Johnston’s prior criminal history. Although the trial court denied the motion, it issued a curative instruction to the jury.
Motions for mistrial are addressed to the discretion of the trial court and should only be granted when necessary to ensure that the defendant receives a fair trial. Power v. State, 605 So.2d 856, 861 (Fla.1992), cert. denied, 507 U.S. 1037, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993); Terry v. State, 668 So.2d 954, 962 (Fla.1996). Florida courts have repeatedly held the denial of a mistrial and the issuance of a curative instruction sufficient to rectify prejudice in similar cases. Walker v. State, 707 So.2d 300, 313 (Fla.1997) (holding the admission of testimony which referenced other charges was harmless error in light of trial court’s curative instruction); Webber v. State, 718 So.2d 258, 259 (Fla. 5th DCA 1998) (holding that improper testimony of evidence of collateral crimes constituted harmless error where the trial court issued curative instruction); *954 Marshall v. State, 439 So.2d 973, 974 (Fla. 3rd DCA 1983) (holding that curative instruction corrected any prejudice created by testimony that the defendant’s fingerprints matched the fingerprints taken from the files of a person who had previously been booked at the jail); Williams v. State, 354 So.2d 112 (Fla. 3rd DCA 1978) (holding that reference by witness to fact that defendant had been in prison cured by instruction). Accordingly, we affirm the trial court’s ruling.
Johnston next argues that the trial court erred in refusing to give a proffered jury instruction providing a definition of “great bodily harm.” We also reject this claim of error. Here, the standard jury instruction was given and Johnston cites no case law in which any Florida court has found it necessary to provide a separate definition for the term “great bodily harm.” If the standard jury instruction adequately and accurately explains the law, it is preferable to give that standard instruction. McGuire v. State, 639 So.2d 1043, 1047 (Fla. 5th DCA), rev. denied, 649 So.2d 234 (Fla.1994).
AFFIRMED.
W. SHARP and PETERSON, JJ„ concur.