SHEPHERD, J.
Defendant, Juan Diaz-Gonzalez, appeals his conviction and sentence based on a December 25, 2002 incident during which he shot a firearm at his ex-wife, as well as a conviction for giving a false name to a police officer when he was finally apprehended a few months later. We affirm the jury verdict on the counts arising out of the shooting incident, but reverse the conviction arising out of his giving a false name based upon a proper confession of error by the State.
Defendant was charged with one count of attempted first-degree murder in violation of sections 782.04(1), 777.04(1), and 775.087 of the Florida Statutes (2002), one count of violation of an injunction against domestic violence in violation of section 741.31 of the Florida Statutes (2002), and one count of obstruction by disguise in violation of section 843.03 of the Florida Statutes (2002). After a two-day jury trial, defendant was found guilty of aggravated assault with a firearm discharge as a lesser included offense to attempted first-degree murder, violation of the injunction, and obstruction by disguise.
Defendant first argues the trial court erred by permitting his conviction for aggravated battery to stand where the amended information alleged only attempted first-degree murder. We do not reach this issue because defense counsel failed to raise it at trial. Ray v. State, 403 So.2d 956, 961 (Fla.1981)(“[I]t is not fundamental error to convict a defendant under an erro *530 neous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.”); Chambers v. State, 880 So.2d 696, 699 (Fla. 2d DCA 2004). The general objection made by defense counsel to instructing the jury on the lesser included offense on the ground that it was insupportable in the evidence is insufficient. Tolbert v. State, 679 So.2d 816, 818 (Fla. 4th DCA 1996); Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987)(“[T]o preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court.”).
Defendant additionally argues the trial court erroneously permitted the testimony of a police investigator concerning his flight. The officer testified that before he apprehended defendant, he sought out defendant at the residence of another ex-spouse where the officer had reason to believe defendant might be found, and also made ten attempts to reach defendant at defendant’s place of business after the shooting incident. The officer testified he identified himself each time he visited defendant’s place of business and let it be known that he wanted to speak to defendant about “something that happened on Christmas Day of 2002.” On at least one occasion, he passed this message to Anna Arias, a person who defendant claimed at trial was an alibi to the allegations. Based upon these facts, a reasonable juror could infer defendant knew of the officer’s investigation. See Brown v. State, 756 So.2d 230, 231-32 (Fla. 3d DCA 2000)(permitting evidence of flight, concealment, or resistance where “the victims knew [the defendant] by name and the police had been to his house attempting to locate him during the fourteen days between the robbery and [the defendant’s] arrest.”). There was no abuse of discretion in the admission of this testimony. Thomas v. State, 748 So.2d 970, 982 (Fla.1999)(“[T]he admission of evidence is within the trial court’s discretion and will not be reversed unless [the] defendant demonstrates an abuse of discretion.”).
As indicated at the outset, the State properly concedes error on the obstruction by disguise count. The evidence supporting this charge established that defendant gave the police officer a false name and date upon his apprehension. Such evidence, without more, is insufficient to support a conviction as a matter of law. E.g., Leland v. State, 386 So.2d 622, 622 (Fla. 3d DCA 1980)(holding that “a person does not commit the misdemeanor offense of obstruction by a disguised person by the sole act of giving, as here, a false name to a police officer upon being stopped by said officer”)(internal citations omitted). On this count, we reverse.
Affirmed in part and reversed in part, and remanded with instructions to vacate defendant’s conviction for obstruction by disguise.