708 So.2d 315 (1998)
Carol Leigh THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02517.
District Court of Appeal of Florida, Second District.
March 13, 1998.
Rehearing Denied April 3, 1998.
*316 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Carol Leigh Thompson challenges her sentences as a violent career criminal, contending that chapter 95-182, Laws of Florida, is in violation of the single subject requirement of article III, section 6, of the Florida Constitution and is unconstitutional. We agree and reverse Thompson's sentences.
Thompson was charged with robbery with a firearm, a first-degree felony punishable by life, aggravated battery of a victim over the age of sixty-five, a first-degree felony, and felon in possession of a firearm, a second-degree felony. These offenses occurred on November 16, 1995. The State filed its notice that Thompson be treated as a "habitual felony/habitual violent felony offender/violent career criminal." Thompson countered with a motion to preclude her sentencing as a "violent career criminal" and to declare unconstitutional chapter 95-182, Laws of Florida, the "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995" (the Gort Act). The trial court denied Thompson's motion, and she entered pleas of no contest to each offense, reserving her right to appeal that denial. The court then found Thompson to be a violent career criminal and, on May 21, 1996, sentenced her pursuant to section 775.084, Florida Statutes (1995) (as amended by chapter 95-182), to life imprisonment on counts one and two and to forty years with a thirty-year-minimum mandatory on count three.
Article III, section 6, of the Florida Constitution provides, "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." This provision serves three purposes:
(1) to prevent hodge podge or "log rolling" legislation, i.e., putting two unrelated matters in one act; (2) to prevent surprise or fraud by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to fairly apprise the people of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon.
State v. Canova, 94 So.2d 181, 184 (Fla.1957). Within this context, we look to the legislative history of this act.
Sections 1 through 7 of chapter 95-182, known as the Gort Act, create and define the violent career criminal sentencing category and provide sentencing procedures and penalties. Sections 8 through 10 of chapter 95-182 deal with civil aspects of domestic violence. Section 8 creates a civil cause of action for damages for injuries inflicted in violation of a domestic violence injunction. Section 9 creates substantive and procedural rules regulating private damages actions brought by victims of domestic abuse. Section 10 imposes procedural duties on the court clerk and the sheriff regarding the filing and enforcement of domestic violence injunctions.
The legislative history shows that sections 8 through 10 of chapter 95-182 began as three bills in the House of Representatives. Proposed committee substitute for House Bill 1251 dealt principally with the duties of the clerk and the sheriff in the processing and execution of injunctions for protection. Proposed committee substitute for House Bill 1789, filed on behalf of the Governor's Task Force on Domestic Violence, encompassed a laundry list of the recommendations found in the January 1994 report of the Task Force, including matters relating to the duties of the clerk. House Bill 2513 provided for civil remedies for victims of domestic *317 violence. Each of these bills died in committee. See Fla. H.R. Comm. on the Judiciary, PCS/HB 1251 (1995) Bill Analysis 6 (final July 10, 1995) (on file at State Archives); Fla. H.R. Comm. on the Judiciary, PCS/HB 1789 (1995) Bill Analysis 7 (final July 11, 1995) (on file at State Archives); Fla. H.R. Comm. on Aging & Human Serv., HB 2513 (1995) Bill Analysis 6 (final July 13, 1995) (on file at State Archives). The substance of these failed bills was engrafted on several Senate bills, including committee substitute for Senate Bill 168 (the Gort Act), and thereby became law. It is in circumstances such as these that problems with the single subject rule are most likely to occur.
Chapter 95-182 joins together criminal and civil subjects. Such a joinder has confronted our supreme court in State v. Johnson, 616 So.2d 1 (Fla.1993), and Bunnell v. State, 453 So.2d 808 (Fla.1984). In Johnson, the court held that chapter 89-280, Laws of Florida, violated the single subject provision because it addressed two subjects: "the first being the habitual offender statute, and the second being the licensing of private investigators and their authority to repossess personal property." 616 So.2d at 4. The court stated that the two matters had "absolutely no cogent connection" and were not "reasonably related to any crisis the legislature intended to address." Id. Similarly, in Bunnell v. State, 453 So.2d 808 (Fla.1984), the court held that a session law violated the single subject requirement when the law created the criminal offense of obstruction of justice by false information and made amendments concerning membership of the Florida Council on Criminal Justice (a noncriminal provision dealing with an executive branch function).
Likewise, chapter 95-182 embraces criminal and civil provisions that have no "natural or logical connection." See Johnson, 616 So.2d at 4 (quoting Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991)). Nothing in sections 2 through 7 addresses any facet of domestic violence and, more particularly, any civil aspect of that subject. Nothing in sections 8 through 10 addresses the subject of career criminals or the sentences to be imposed upon them. It is fair to say that these two subjects "are designed to accomplish separate and dissociated objects of legislative effort." State v. Thompson, 120 Fla. 860, 892-93, 163 So. 270, 283 (1935). Neither did the legislature state an intent to implement comprehensive legislation to solve a crisis. Cf. Burch v. State, 558 So.2d 1 (Fla.1990) (upholding comprehensive legislation to combat stated crisis of increased crime rate). Harsh sentencing for violent career criminals and providing civil remedies for victims of domestic violence, however laudable, are nonetheless two distinct subjects. The joinder of these two subjects in one act violates article III, section 6, of the Florida Constitution; thus, we hold that chapter 95-182, Laws of Florida, is unconstitutional. In so holding, we acknowledge conflict with the Third District's opinion in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). We reverse Thompson's sentences and remand for resentencing in accordance with the valid laws in effect at the time of her sentencing on May 21, 1996. See Johnson, 616 So.2d at 5.[1]
Reversed and remanded.
BLUE and FULMER, JJ., concur.
NOTES
[1] We note that the date of Thompson's offenses fall within the window period to challenge chapter 95-182, Laws of Florida, on the basis that it violates the single subject provision. "Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of article III, section 6, of the Florida Constitution." State v. Johnson, 616 So.2d 1, 2 (Fla.1993). For the purpose of future challenges, the window period begins on the effective date of chapter 95-182, which is October 1, 1995. The window closes on May 24, 1997, when chapter 97-97, Laws of Florida, reenacted the 1995 amendments contained in chapter 95-182 as part of the Florida Statutes' biennial adoption. See id.