711 So.2d 1340 (1998)
John Wesley LINDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-597.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Bennett H. Brummer, Public Defender, and Lillian Valdespino, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before JORGENSON, COPE and SORONDO, JJ.

On Motion for Rehearing
COPE, Judge.
John Wesley Linder was convicted of aggravated battery and was sentenced as a violent career criminal pursuant to section 775.084(4)(c), Florida Statutes (1995).
The statute creating the classification of violent career criminals and creating enhanced penalties for those who qualify, was enacted by chapter 95-182, Laws of Florida. By motion for rehearing, defendant-appellant Linder points out that the Second District Court of Appeal has recently held chapter 95-182 unconstitutional for violation of the single subject requirement of article III, section 6, of the Florida Constitution, and invalidated a violent career criminal sentence on that basis. See Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). In the Second District, the effect of that ruling is to rule out a violent career criminal disposition for crimes committed between October 1, 1995 and May 24, 1997. See id. at 317 n. 1. Defendant committed the crime on December 30, 1995, and thus he would fall into the class entitled to relief if this case were proceeding in the Second District.
Defendant acknowledges that this court has already rejected the identical single subject challenge to chapter 95-182, Laws of *1341 Florida. See Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). Accordingly we reject defendant's challenge to his sentence as a violent career criminal, but certify direct conflict with Thompson v. State.
Rehearing denied.[*]
NOTES
[*] Although appointed appellate counsel was previously allowed to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we reappoint counsel for further proceedings on the certified conflict.