714 So.2d 1218 (1998)
Booker T. ELLIARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2402.
District Court of Appeal of Florida, Third District.
August 12, 1998.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
We affirm the defendant's conviction finding no reversible error. Additionally, we affirm the defendant's sentence as a violent career criminal, Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), and certify conflict with the Second District's opinion in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), as we certified in Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998).
Affirmed; conflict certified.
SCHWARTZ, C.J., and GODERICH, J., concur.
GREEN, Judge (specially concurring).
By virtue of this court's decisions in Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998) and Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), I am compelled to vote for an affirmance of the appellant's enhanced sentence entered pursuant to the "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995", chapter 95-182, Laws of Florida ("Gort Act"). However, for the reasons expressed by the second district in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), review granted, No. 92-831, ___ *1219 So.2d ___ (Fla. May 26, 1998), I am persuaded that the "Gort Act" is unconstitutional because it was enacted in violation of the single subject requirement of article III, section 6 of the Florida Constitution. I would therefore prefer to recede from Dupree and Higgs.