717 So.2d 619 (1998)
Carl CYRUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3460.
District Court of Appeal of Florida, Third District.
September 23, 1998.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Maya Saxena, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Again, we hold the "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995," Chapters 95-182, Laws of Florida to be constitutional. Accordingly, we affirm on the authority of Almanza v. State, 23 Fla. L. Weekly 2027 (Fla. 3d DCA Sept. 11, 1998) and Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). We certify direct conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998).
While, at first blush, the sentence imposed in this case may appear to some as being overly harsh in view of the crime for which the sentence was imposed, a thorough review of the record, especially the transcript of the sentencing hearing that occurred on October 30, 1997, makes it abundantly clear that this sentence was a well-reasoned sentence imposed by the trial judge based on the Judge's assessment of the defendant, his record, and the facts of this case.[1]
NOTES
[1] This case did not involve a person stealing a piece of fruit to eat. Rather, as the trial judge's comments reflect, this was a case of the defendant committing a theft of fruit, for commercial purposes, from an elderly couple who depended on selling their fruit to derive income.