721 So.2d 1250 (1998)
Jerry ENGLISH, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2784.
District Court of Appeal of Florida, Third District.
December 23, 1998.
Jerry English, in proper person.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
We affirm the defendant's sentences as a violent career criminal, Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), and again certify conflict with the Second District's opinion in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998).
Affirmed; conflict certified.
SCHWARTZ, C.J., and GODERICH, J., concur.
*1251 GREEN, J. (specially concurring).
As I indicated in my special concurrence in Elliard v. State, 714 So.2d 1218, 1218-19 (Fla. 3d DCA 1998), I believe that the "Officer Evelyn Gort and all Fallen Officers Career Criminal Act of 1995," Chapter 95-192, Laws of Florida, is unconstitutional in that it is violative of the single subject requirement of article III, section 5 of the Florida Constitution for the reasons outlined in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998), and would prefer to recede from the decisions to the contrary from this district.[1] Accordingly, I would grant the post conviction relief requested in this cause.
NOTES
[1] Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998); Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997).