PER CURIAM.
Metro Ford, Inc., petitions for a writ of certiorari to quash an order of the appellate division of the circuit court overturning the county court’s judgment against Michael Green. For the following reasons, we deny the petition.
Green took his 1985 Ford LTD to Metro Ford for repairs. On the record before us, it is unclear whether he received a written estimate as required by section 559.905, Florida Statutes. What is clear is that a dispute arose between Green and Metro Ford regarding the cost of the repairs. Green refused to pay the cost of the repairs and, as a result, Metro Ford refused to deliver the vehicle to Green. Green brought suit in the small claims division of the county court claiming that Metro Ford converted his vehicle to its own use.[1]
The only issue raised in the pleadings before the county court judge was whether Metro Ford converted Green’s vehicle. The county court judge entered final judgment for Metro Ford finding that it did not convert Green’s vehicle. The judge noted that she could not order Green to pay the repair bill of $673.56 in exchange for his vehicle because Metro Ford did not file a counter-claim seeking any relief.
We hold that the trial court, sitting in its small claims capacity, erred by only considering the single issue raised in the plaintiffs complaint.
First, small claims courts were established to provide an open forum for the speedy resolution of disputes over minor claims. See Ch. 26920, § 7, Laws of Fla. (1951) (repealed 1971); Fla. Sm. Cl. R. 7.010 (“These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.”). To accommodate this goal, the rules of court governing small claims actions provide that the clerk of court shall assist any litigant in preparing papers for the action. Fla. Sm. Cl. R. 7.050(c). Correspondingly, small claims courts are designed to be “a People’s Court in which technical rules of pleading must not obscure the greater purpose of justice for all.” Donoghue v. Wallach, 455 So.2d 1085, 1086 n. 1 (Fla. 2d DCA 1984) (upholding the practice of the county court, acting in its small claims jurisdiction, in applying statutory law that it believed to be dispositive, sua sponte).
Here, the county court admitted it would have properly disposed of this case by ordering the plaintiff to pay the defendant the repair cost in exchange for the release of the plaintiffs vehicle, if the defendant would have merely asked for it. The court’s failure to sua sponte provide the proper relief runs counter to the proactive nature of the small claims setting.
Second, the standard of review applicable to the issuance of a writ of certiorari is whether the appellate division of the circuit court departed from the essential requirements of the law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983). However, the Florida Supreme Court has provided insight as to how this standard should be applied. Id. The supreme court explained that district courts should exercise this extraordinary power “only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice.” Heggs, 658 So.2d at 528 (noting that the mere existence of legal error is not central to granting certiorari as much as the seriousness of the error) (citation omitted).
By remanding this case for a new trial and allowing the parties to amend their pleadings, the circuit court has provided occasion *708 for the county court to free itself from its perceived adhesion to the initial pleadings. Whether or not the circuit court was correct in its ruling, the result of its opinion is tó broaden, rather than narrow, the scope of the county court’s consideration of this case. Furthermore, when the county court only ruled on the single issue that the defendant did not convert the plaintiffs car, it effectively denied damages not only to the plaintiff, but to the defendant as well. Pursuant to Fla. R. Civ. P. 1.170(a), the' defendant’s answer was required to "include a counterclaim for damages since its claim obviously arose out of the same transaction or occurrence" that is the subject matter of the plaintiffs claim. Therefore, following the county court’s order, resolution of this matter by way of a subsequent suit brought by any of these parties would be barred. See ICC Chemical Corp. v. Freeman, 640 So.2d 92 (Fla. 3d DCA 1994) (holding that the doctrine of res judicata applies to all matters actually raised and determined as well as all other matters which could.have been raised and determined in the prior action, whether they were or not). See also Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926); Del Vecchio v. Del Vecchio, 179 So.2d 400 (Fla. 3d DCA 1965). Accordingly, the circuit court’s ruling results in affording opportunity for the pursuit of justice, rather than its miscarriage.
The Petition for Certiorari is denied.

. The small claims complaint did not seek return of the vehicle nor did Green allege that Metro Ford failed to provide a written estimate for the repairs. Metro Ford never filed a counterclaim seeking payment for the services it rendered to repair Green’s vehicle.