GREEN, J.
(specially concurring in part)
I agree with the majority that the appellant has demonstrated no reversible error with regards to his conviction for attempted burglary of an unoccupied dwelling; therefore, his conviction should be affirmed. I write separately, however, to address his resultant sentence made pursuant to the “Officer Evelyn Gort and all Fallen Officers Career Criminal Act of 1995,” Chapter 95-192, Laws of Florida. As I have previously indicated in my special concurring opinions in English v. State, 24 Fla. L. Weekly D104, D105, 721 So.2d 1250, 1251 (Fla. 3d DCA 1998), and Elliard v. State, 714 So.2d 1218, 1218-19 (Fla. 3d DCA 1998), I believe that this act is unconstitutional as violative of the single subject requirement of article III, section 5 of the Florida Constitution for the reasons set forth in the opinion of our sister *825 court in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla. 1998). I would therefore prefer to recede from this court’s decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), and its progeny[1] and reverse and remand this cause for resentencing.

. English, 24 Fla. L. Weekly at D104, 721 So.2d at 1250; Spann v. State, 719 So.2d 1031 (Fla. 3d DCA 1998); Cyrus v. State, 717 So.2d 619 (Fla. 3d DCA 1998); Almanza v. State, 716 So.2d 351 (Fla. 3d DCA 1998); Holloway v. State, 712 So.2d 439 (Fla. 3d DCA 1998); Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998).