PER CURIAM.
Rufus Boswell was convicted of burglary of an unoccupied dwelling by a jury. His sentence was Gortized pursuant to the Career Criminal Sentencing Statute, section 775.084, Florida Statutes (1997). As Boswell’s offense was committed on October 31,1997, after re-enactment of the statute, this action cured any possible argument that the statute violated the single subject requirement of Article III, Section 6 of the Florida Constitution. See Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). We see no occasion to certify conflict with Thompson v. State, 708 So.2d 315, 317 (Fla. 2nd DCA 1998), because that decision recognized that under circumstances like those present here, there is no possible constitutional infirmity.
Next, the defendant argues that the trial court abused its discretion in denying him a continuance to secure a witness, Mr. Richard, who would supposedly testify that he had given permission to the defendant to enter the premises in question. Since the case was called for trial seven times and held over at least three times at the insistence of the defendant, the defense has demonstrated a lack of due diligence concerning this issue. Moreover, the victim here testified that he had not given the defendant or Mr. Richard or anyone else permission to enter his apartment. The apartment had been entered *1124 by breaking a bathroom window, and the apartment had been ransacked. It certainly does not seem plausible that the owner or the occupier of the premises would have given permission to enter in such a fashion. We agree with the trial judge’s blunt assessment of the motion for continuance as a “snow job.”
Affirmed.