728 So.2d 1225 (1999)
Osvaldo VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2896.
District Court of Appeal of Florida, Third District.
April 7, 1999.
Bennett H. Brummer, Public Defender and Manuel Alvarez and Suzanne M. Froix, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez-Posner (Fort Lauderdale) and Consuelo Maingot, Assistant Attorneys General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
There is no merit either in the defendant's sole claim of trial error, see Watson v. State, 504 So.2d 1267 (Fla. 1st DCA 1986), review denied, 506 So.2d 1043 (Fla.1987); Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980), or in his challenge to the 1995 guidelines under which he was sentenced, based on a claim that Chapter 95-184, Laws of Florida, is unconstitutional. See Holloway v. State, 712 So.2d 439 (Fla. 3d DCA 1998), review granted, 727 So.2d 906 (Fla.1998); Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). The latter holding is in conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998). See Heggs v. State, 718 So.2d 263 (Fla. 2d DCA), review granted, 720 So.2d 518 (Fla. 1998).
Affirmed.
SCHWARTZ, C.J., and GODERICH, J., concur.
GREEN, J. (specially concurring in part)
While I agree with the majority concerning the merits of this case, I write separately to address the appellant's ensuing sentence made pursuant to the "Officer Evelyn Gort and all Fallen Officers Career Criminal Act of 1995", Chapter 95-192, Laws of Florida. As I have previously stated in my special concurring opinions in John v. State, 724 So.2d 708 (Fla. 3d DCA 1999), English v. State, 721 So.2d 1250 (Fla. 3d DCA 1998), and Elliard v. State, 714 So.2d 1218 (Fla. 3d DCA 1998), I steadfastly believe that this act is unconstitutional because it violates the single subject requirement of article III, section 5 of the Florida Constitution; I am persuaded by the reasoning as outlined in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998). Accordingly, I would prefer that this court: (1) recede from its opinion in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997); and its progeny;[1] (2) adopt Thompson and its progeny;[2] and (3) reverse the appellant's sentence and remand for resentencing.
NOTES
[1] See McGowan v. State, 725 So.2d 470, 24 Fla. L. Weekly D442 (Fla. 3d DCA 1999); Russell v. State, 725 So.2d 1274, 24 Fla. L. Weekly D442 (Fla. 3d DCA 1999); Waldo v. State, 24 Fla. L. Weekly D395, 728 So.2d 280 (Fla. 3d DCA 1999); Robbins v. State, 24 Fla. L. Weekly D328, 730 So.2d 313 (Fla. 3d DCA 1999); Gonzalez v. State, 724 So.2d 1271 (Fla. 3d DCA 1999); John, 724 So.2d at 708; Marshall v. State, 723 So.2d 923 (Fla. 3d DCA 1999); English, 721 So.2d at 1250; Spann v. State, 719 So.2d 1031 (Fla. 3d DCA 1998); Tillman v. State, 718 So.2d 944 (Fla. 3d DCA 1998); Cyrus v. State, 717 So.2d 619 (Fla. 3d DCA 1998); Almanza v. State, 716 So.2d 351 (Fla. 3d DCA 1998); Elliard, 714 So.2d at 1218; Holloway v. State, 712 So.2d 439 (Fla. 3d DCA 1998); Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998); Linder v. State, 711 So.2d 1340 (Fla. 3d DCA 1998).
[2] See Seay v. State, 24 Fla. L. Weekly D382, 728 So.2d 1181 (Fla. 2d DCA 1999); Williams v. State, 24 Fla. L. Weekly D255, ___ So.2d ___, 1999 WL 17662 (Fla. 2d DCA Jan. 20, 1999); Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998); Pugh v. State, 717 So.2d 635 (Fla. 2d DCA 1998); Davis v. State, 709 So.2d 641 (Fla. 2d DCA 1998); Taylor v. State, 709 So.2d 641 (Fla. 2d DCA 1998); Jones v. State, 709 So.2d 1385 (Fla. 2d DCA 1998); Morris v. State, 708 So.2d 697 (Fla. 2d DCA 1998).