731 So.2d 99 (1999)
Harold WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 98-2133, 97-2372.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*100 Bennett H. Brummer, Public Defender and John E. Morrison, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Lara J. Edelstein (Fort Lauderdale), Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
Based on a guilty verdict for burglary with an assault while armed and several prior felony convictions, Williams was sentenced to life imprisonment as a violent career criminal under the Evelyn Gort Act, Chapter 95-182, Laws of Florida. There is no claim of trial error and we reject the defendant's challenges to the application of the statute:
1. First, on the authority of Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), we again hold the Gort Act constitutional and certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998).
2. We also disagree with the appellant that section 775.084(1)(c)1, Florida Statutes (1997), which qualifies a defendant for violent career criminal sentencing when, among other things, he has been previously convicted three times "for an offense in this state," requiresas was not the case herethat the prior offenses be of the same type or kind as the present one. To the contrary, in this context, the term "an offense" unambiguously means "any" offense and is specifically not restricted in the way the defendant claims. *101 See State v. Emmund, 698 So.2d 1318 (Fla. 3d DCA 1997); State v. Hershkowitz, 714 So.2d 545, 547 (Fla. 3d DCA 1998)("a" means "any"); United States Fidelity & Guar. Co. v. State Farm Mut. Auto. Ins. Co., 369 So.2d 410, 412 (Fla. 3d DCA 1979)("an" means "any"); see also Wallace v. State, 724 So.2d 1176 (Fla.1998).
3. Finally, there is no merit to the claim that the predicate convictions were insufficiently established in the record.
As in Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998), however, we find ineffective assistance of counsel on the face of the record with respect to one aspect of Williams's conviction and sentence. It is undisputed that, although the co-defendant was armed, Williams did not personally possess a firearm in the course of the offense, and thus could not be lawfully subject to enhancement to a life felony under section 775.087, Florida Statutes (1997). State v. Rodriguez, 602 So.2d 1270 (Fla.1992). Nevertheless, he was, without objection by trial counsel, so adjudicated below. We therefore order that the conviction and sentence be modified to reflect instead that the adjudication and life sentence imposed upon him are for "burglary with an assault," a first degree felony punishable by life. See § 810.02(2)(a), Fla. Stat. (1997); Mizell.
Affirmed as modified.
JORGENSON, J., concurs.
GREEN, J. (specially concurring in part).
I write separately to address the appellant's life imprisonment sentence entered pursuant to the "Officer Evelyn Gort and all Fallen Officers Career Criminal Act of 1995," Chapter 95-182, Laws of Florida. As I have previously written in my special concurring opinions in Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999), John v. State, 724 So.2d 708 (Fla. 3d DCA 1999), English v. State, 721 So.2d 1250 (Fla. 3d DCA 1998), and Elliard v. State, 714 So.2d 1218 (Fla. 3d DCA 1998), I believe that this act, as written, is unconstitutional because it is violative of the single subject requirement of article III, section 5 of the Florida Constitution for the reasons set forth in the Second District's persuasive opinion in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998). Therefore, I believe that this court should recede from its opinion in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), and its progeny;[1] and reverse the appellant's sentence and remand for resentencing.
NOTES
[1] See Valdes, 728 So.2d 1225; Gulley v. State, 730 So.2d 386 (Fla. 3d DCA 1999); Boswell v. State, 24 Fla. L. Weekly D764, ___ So.2d ___ (Fla. 3d DCA 1999); McGowan v. State, 725 So.2d 470 (Fla. 3d DCA 1999); Russell v. State, 725 So.2d 1274 (Fla. 3d DCA 1999); Waldo v. State, 24 Fla. L. Weekly D395, 728 So.2d 280 (Fla. 3d DCA 1999); Robbins v. State, 24 Fla. L. Weekly D328, 730 So.2d 313 (Fla. 3d DCA 1999); Gonzalez v. State, 724 So.2d 1271 (Fla. 3d DCA 1999); John, 724 So.2d at 708; Marshall v. State, 723 So.2d 923 (Fla. 3d DCA 1999); English, 721 So.2d at 1250; Spann v. State, 719 So.2d 1031 (Fla. 3d DCA 1998); Tillman v. State, 718 So.2d 944 (Fla. 3d DCA 1998); Cyrus v. State, 717 So.2d 619 (Fla. 3d DCA 1998); Almanza v. State, 716 So.2d 351 (Fla. 3d DCA 1998); Elliard, 714 So.2d at 1218; Holloway v. State, 712 So.2d 439 (Fla. 3d DCA 1998); Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998); Linder v. State, 711 So.2d 1340 (Fla. 3d DCA 1998).