739 So.2d 1175 (1999)
Leon LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1597.
District Court of Appeal of Florida, Third District.
July 21, 1999.
*1176 Bennet H. Brummer, Public Defender and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez-Posner, Assistant Attorney General, for appellee.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
Leon Lee appeals his sentence as a violent career criminal under section 775.084, Florida Statutes (1997), on the ground that chapter 95-182, Laws of Florida (the "Officer Evelyn Gort and Fallen Officers Career Criminal Act of 1995"), which created that category of sentence, violated the single subject provision of the Florida Constitution. We affirm.
Assuming for purposes of discussion that there was a violation of the single subject rule,[*] the only defendants who would be adversely affected are persons sentenced as violent career criminals with offense dates of October 1, 1995 through May 23, 1997. Effective May 24, 1997, the biennial reenactment of the Florida Statutes cured any violation of the single subject rule. See ch. 97-97, Laws of Fla. "The reenactment has the effect of adopting as the official statutory law of the state those portions of the statutes that are carried forward from the preceding adopted statutes. Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirements of Article III, section 6, of the Florida Constitution." State v. Johnson, 616 So.2d 1, 2 (Fla.1993).
Because appellant's offense date was July 12, 1997, there is no basis for a challenge to his sentence based on the single subject requirement. For this reason we decline to certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998).
Affirmed.
NOTES
[*] This court has held that there was no single subject violation. See Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999); Holloway v. State, 712 So.2d 439 (Fla. 3d DCA), review granted, 727 So.2d 906 (Fla.1998); Higgs v. State, 695 So.2d 872, 873 (Fla. 3d DCA 1997). Contra Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla. 1998).