763 So.2d 1143 (2000)
Ronald WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2868.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Ronald Watson, was convicted of burglary of a dwelling. The crime occurred on October 14, 1996. Appellant was sentenced as a violent career criminal pursuant to section 775.084(1)(c), Florida Statutes (1995). That portion of the sentencing statute was created by Chapter 95-182, Laws of Florida.
Recently, the supreme court held that Chapter 95-182 was "unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution." State v. Thompson, 750 So.2d 643 (Fla.1999).
This court has held that only those persons who committed their criminal offenses on or after October 1, 1995 and before October 1, 1996, had standing to challenge Chapter 95-182 on single subject rule grounds. See Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), rev. granted, No. 95,663, 749 So.2d 503 (Fla. Dec. 3, 1999). According to the second district, the window period for the bringing of a single subject rule challenge closed on May 24, 1997, and not on October 1, 1996. The supreme court declined to rule on the standing issue in Thompson.
Since appellant committed the burglary on October 14, 1996, he does not have standing to challenge Chapter 95-182 on single subject rule grounds. On the standing issue, we certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998).
On the remaining issue, we find no error in the trial court's denial of the motion for judgment of acquittal.
KLEIN, SHAHOOD and GROSS, JJ., concur.