PER CURIAM.
We have for review English v. State, 721 So.2d 1250 (Fla. 3d DCA 1998), in which the Third District Court of Appeal affirmed Jerry English’s violent career criminal sentence based on its prior decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). In so affirming, the English court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), we quash the decision below and remand for resentencing in accordance with the valid laws in effect on January 15, 1996, which is when English committed the underlying offense for which he was sentenced as a violent career criminal.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that English has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999).