779 So.2d 366 (2000)
Marese BARNES, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D99-3640.
District Court of Appeal of Florida, Second District.
April 28, 2000.
Petitioner, pro se.
*367 Robert A. Butterworth, Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Marese Barnes has filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. We treat this as a petition filed pursuant to Florida Rule of Appellate Procedure 9.140(j) and grant relief.
Barnes was convicted after a jury trial of attempted murder of a law enforcement officer, possession of a firearm with serial number removed, and carrying a concealed firearm. On August 5, 1996, Barnes was sentenced to natural life in prison as a violent career criminal, pursuant to section 775.084(1)(c), Florida Statutes (1995), for the attempted murder conviction, to time served for possession of a firearm with serial number removed, and to fifteen years with a ten-year minimum mandatory for carrying a concealed firearm, consecutive to the life sentence.
In his petition, Barnes asserts that on his direct appeal, appellate counsel raised only two issues: (1)whether the trial court erred in admitting irrelevant and prejudicial evidence of other crimes, and (2) whether the trial court erred in not declaring a mistrial when the prosecutor made inflammatory and prejudicial comments to the jury during opening and closing statements. Barnes asserts that at the time his appellate counsel filed his initial brief, this court had decided Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), which held unconstitutional chapter 95-182, Laws of Florida, that created the violent career criminal sentencing category in 775.084(1)(c), for violating the single subject rule of article III, section 6, of the Florida Constitution. Barnes contends that appellate counsel failed to challenge his sentence based on this unconstitutionality and, therefore, was ineffective.
In its response to Barnes' petition, the State concedes that Barnes committed his offenses on November 26, 1995, within the window set out in Thompson (closing on May 24, 1997). The Fourth District in Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), adopted a narrower window (closing on October 1, 1996) than this court did in Thompson. Although the supreme court had not rendered its decision in Thompson at the time of the State's response, it has now done so. See State v. Thompson, 750 So.2d 643 (Fla.1999). In Thompson, the supreme court agreed with this court's conclusion that chapter 95-182, Laws of Florida, violates the single subject rule contained in article III, section 6 of the Florida Constitution. Although the supreme court in Thompson declined to decide which closing date was proper, even if the narrower window identified in Salters is correct, Barnes falls within that window. The State further concedes that Barnes preserved the constitutional issue for review in the trial court by filing a motion to dismiss.
Given the State's concessions in this case, we conclude that appellate counsel's failure to raise this issue on Barnes' direct appeal constituted ineffective assistance of counsel. Had appellate counsel raised the issue, this court would have remanded for resentencing in accordance with the valid laws in effect on the date Barnes committed his offenses. See, e.g., Williams v. State, 740 So.2d 3 (Fla. 2d DCA 1999)(reversing violent career criminal sentence based on Thompson and remanding for resentencing). This court therefore will not require Barnes to file a new appeal. Instead, we grant relief in accordance with this order.
Petition granted; case remanded to the trial court for resentencing in accordance with the valid laws in effect on the date Barnes committed his offenses.
CAMPBELL, A.C.J., and GREEN and DAVIS, JJ., Concur.