PER CURIAM.
The attorney for James Webb filed a brief in this belated appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Webb subsequently filed a pro se brief challenging his judgment and sentence for robbery. This court determined that Webb had raised an issue of arguable merit and, pursuant to Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), ordered appellate counsel to file a brief addressing whether Webb should be resentenced in light of the Florida Supreme Court’s recent decision finding chapter 95-182, Laws of Florida, unconstitutional. After a review of the supplemental briefs on that issue, we conclude that the trial court erred in sentencing Webb. We affirm Webb’s conviction without discussion.
The trial court sentenced Webb after orally finding that Webb qualified as a violent career criminal under section 775.084(l)(c), Florida Statutes (Supp.1996).[1] Webb argues that the Florida Supreme Court’s recent decision in State v. Thompson, 750 So.2d 643 (Fla.1999), which held that chapter 95-182, which amended section 775.084(l)(c), is unconstitutional as a violation of the single subject requirement of article III, section 6, of the Florida Constitution, requires resentencing. Under that decision, those appellants who committed[2] their crimes within the applicable window period and were sentenced pursuant to section 775.084(l)(c) must be resentenced under the valid laws in effect on the dates they committed their crimes. See Thompson, 750 So.2d at 649. While the supreme court declined to determine the applicable window period, id. at 646, we reaffirm this court’s decision that the window period for challenges to the constitutionality of chapter 95-182 extended from October 1, 1995, to May 24, 1997.[3] See Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998), remanded, 750 So.2d 643 (Fla.1999). Because Webb committed the underlying offense on December 17, 1996, which is within the applicable window period, he is entitled to a new sentencing hearing on remand. We note that, on remand, Webb cannot be sentenced as a violent career criminal as he *483 must be sentenced under the valid laws in effect on December 17, 1996. See Thompson, 750 So.2d at 649. We certify conflict with Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999); and Scott v. State, 721 So.2d 1245, 1246 n. 1 (Fla. 4th DCA 1998).
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur
PARKER, A.C.J., Concurs specially.

. It should be noted that the judgment and sentence reflects that Webb was sentenced as a habitual violent felony offender pursuant to section 775.084(4)(b), Florida Statutes (Supp. 1996). The form does not have a space for classifying a defendant under section 775.084(l)(c), Florida Statutes (Supp.1996).

. We acknowledge the supreme court’s holding that the act which triggers the window period is the commission of the offense. See State v. Thompson, 750 So.2d 643, 649 (Fla.1999).

.We measured this window period from the effective date of chapter 95-182, Laws of Florida, to the date when chapter 97-97, Laws of Florida, reenacted the 1995 amendments contained in chapter 95-182 as part of the Florida Statutes' biennial adoption. See Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998), remanded, 750 So.2d 643 (Fla.1999).