PARKER, Acting Chief Judge,
Concurring.
Because of the language in Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998), remanded, 750 So.2d 643 (Fla.1999), I reluctantly concur in this decision. Were I writing from a blank slate, I would affirm this case. Webb assumed that he was within the window period based on what I conclude is dicta in Thompson, which stated that the window period for challenges to the constitutionality of chapter 95-182 extended from October 1, 1995 to May 24, 1997.[4] I now conclude that the window period must close on October 1, 1996. See Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999); Scott v. State, 721 So.2d 1245, 1246 n. 1 (Fla. 4th DCA 1998). I reach this conclusion based on the fact that section 775.084(l)(c) was amended in chapter 96-388, Laws of Florida, on October 1, 1996. Consequently, defendants who committed crimes which qualified them as violent career criminals under section 775.084(l)(c) after October 1, 1996, and before the subsequent amendment of chapter 96-388 on July 1, 1999, were sentenced pursuant to the Florida Statutes as amended by chapter 96-388. Because these defendants were not sentenced pursuant to the Florida Statutes as amended by chapter 95-182, they lack standing to challenge its constitutionality.
In this case, Webb committed the underlying offense on December 17, 1996, and the court sentenced him as a violent career criminal under section 775.084(l)(c), Florida Statutes (Supp.1996) (as amended by chapter 96-388). Because he did not commit the underlying offense within the applicable window period for challenges to chapter 95-182, I conclude Webb does not have standing to challenge the constitutionality of that chapter. Therefore, but for Thompson, I would affirm Webb’s sentence as a violent career criminal and certify conflict with Brown v. State, 756 So.2d 230 (Fla. 3d DCA 2000).

. This window period would be correct if the applicable statutory provision was not amended in another chapter law before the biennial adoption of the 1995 amendments. See State v. Johnson, 616 So.2d 1, 2 (Fla.1993) ("Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of article III, section 6, of the Florida Constitution.").