PER CURIAM.
We have for review Cyrus v. State, 717 So.2d 619 (Fla. 3d DCA 1998), in which the Third District Court of Appeal held chapter 95-182, Laws of Florida, to be constitutional. In so holding, the Cyrus court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), we quash the decision below and remand for resentencing in accordance with the valid laws in effect on December 9, 1996, the date, on which Cyrus committed the underlying offense for which he was sentenced as a violent career criminal.[1] See Thompson, 750 So.2d at 649 *676 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Cyrus has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds. Further, even though Cyrus failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first *676 time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).