PER CURIAM.
We have for review Dupree v. State, 711 So.2d 647 (Fla. 3d DCA 1998), in which the *679 Third District Court of Appeal affirmed Michael Dupree’s violent career criminal sentence based on its prior decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). In so affirming, the Dupree court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), we quash the decision below and remand for resentencing in accordance with the valid laws in effect on October 10, 1996, the date on which Dupree committed the underlying offense for which he was sentenced as a violent career criminal.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Dupree has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds.