PER CURIAM.
We have for review Williams v. State, 731 So.2d 99 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Harold Williams’ violent career criminal sentence and certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on January 20, 1997, the date on which Williams committed the underlying offense in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Williams has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida. Moreover, we decline to address Williams' claim challenging the Third District’s interpretation of section 775.084(l)(c)l., Florida Statutes (1997), which is clearly outside the scope of the certified conflict issue.