PER CURIAM.
We have for review Fox v. State, 743 So.2d 74 (Fla. 1st DCA 1999), in which the First District Court of Appeal certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we quash the decision below and remand this cause for resen-tencing in accordance with the valid laws in effect on May 15, 1997, the date on which Fox committed the underlying offenses in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Fox has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds. Further, even though Fox failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993). Finally, we decline to address the additional issue raised by Fox — which is clearly outside the scope of the certified conflict issue — concerning the trial *682 court’s refusal to instruct the jury on the justifiable use of non-deadly force.