PER CURIAM.
We have for review Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999), in which the Third District Court of Appeal held chapter 95-184, Laws of Florida, to be constitutional. We recently reached a contrary result in Heggs v. State, 759 So.2d 620 (Fla.2000). We have jurisdiction. See Art. V, § 3(b)(3), Fla Const. Based on our decision in Heggs, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on July 21, 1996, the date on which Osvaldo Valdes committed the underlying offenses in this case.[1]
It is so ordered.
*685 HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that Valdes has standing to raise a single subject rule challenge to chapter 95-184, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Bortel v. State, 743 So.2d 595, 597 (Fla. 4th DCA 1999). Further, even though Valdes failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. See Heggs v. State, 759 So.2d 620-623, 624 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).