PER CURIAM.
We have for review Watson v. State, 763 So.2d 1143 (Fla. 4th DCA 2000), in which the Fourth District Court of Appeal certified conflict with the Second District’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), on the issue of standing to challenge chapter 95-182, Laws of Florida, as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
The State of Florida alleged that on October 14, 1996, Ronald Watson commit *578 ted a burglary of a dwelling. Watson was .convicted as charged and sentenced as a violent career criminal pursuant to section 775.084(l)(c), Florida Statutes (1995).
Watson appealed to the Fourth District arguing that chapter 95-182, which created the violent career criminal sentencing category incorporated into section 775.084, violated the single subject rule contained in article III, section 6 of the Florida Constitution. The district court, citing our recent decision in State v. Thompson, 750 So.2d 643 (Fla.1999), agreed that chapter 95-182 did in fact violate the single subject rule requirement contained in Florida’s constitution. See Watson, 763 So.2d at 1143. Nevertheless, the Fourth District determined that Watson lacked standing to challenge the validity of chapter 95-182 because the date of the commission of the crime was outside the window period within which such a challenge could be made. See id. (citing Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999)(holding that only those persons who committed their criminal offense on or after October 1, 1995, but before October 1, 1996, had standing to challenge Chapter 95-182 on single subject rule grounds)). In so doing, the Watson court certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), wherein the Second District held that the window period extended from October 1, 1995, through May 24, 1997. See Watson, 763 So.2d at 1143. Watson seeks review.
Since the issuance of the Fourth District’s decision below, this Court has resolved the certified conflict. In Salters v. State, 758 So.2d 667 (Fla.2000), we conclusively determined that those who seek to challenge the “violent career criminal sentencing provision enacted by chapter 95-182 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997.” Thus, consistent with our decision in Salters, we find that because Ronald Watson committed the offense charged on October 14, 1996, he does in fact have standing to raise a single subject rule challenge to chapter 95-182.[1]
Accordingly, we quash the decision below as it relates to the issue of standing. Further, we reverse Watson’s violent career criminal sentence and remand for re-sentencing in accordance with the valid laws in effect on October 14, 1996, the date of the offense. See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offense).
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.

. Even though Watson failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, — U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).