PER CURIAM.
Xavier Renard Benton appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Benton alleges that he was sentenced under the 1995 sentencing guidelines for an offense that occurred during the period in which the guidelines were unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000).
The trial court denied the motion relying on Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999), which has since been quashed by the supreme court. See Valdes v. State, 759 So.2d 684 (Fla.2000). We therefore reverse and remand for further consideration of his motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
On remand, the trial court shall determine whether Benton in fact committed his offense within the Heggs window and, if so, whether Ms sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Benton must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resentenc-ing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d 419.
Reversed and remanded for further proceedings in accordance with this opinion.
*223 THREADGILL, A.C.J., and ALTENBERND and PARKER, JJ„ Concur.