BLUE, Acting Chief Judge.
James White appeals his judgments and sentences for carjacking and battery on a victim over sixty-five years of age. He presents two issues arising from the trial and one from the sentencing hearing. We affirm the convictions; however, we reverse the violent career criminal sentences and remand for resentencing.
White contends that the trial court erroneously allowed the State to exercise a peremptory challenge against a black juror, Ms. Brown. Because it was within the trial court’s discretion to accept as genuine the State’s given reason for challenging the juror, we affirm. See Melbourne v. State, 679 So.2d 759 (Fla.1996). We also conclude that the trial judge did not abuse his discretion in denying the defense’s request for a continuance.
We agree with White’s contention that he was improperly sentenced as a violent career criminal. The trial court sentenced White as a violent career criminal under section 775.084(1)(c), Florida Statutes (Supp.1996). In State v. Thompson, 750 So.2d 643 (Fla.1999), the Florida Supreme Court held that chapter 95-182, Laws of Florida, which amended section 775.084(1)(c), is unconstitutional as a violation of the single subject requirement of article III, section 6, of the Florida Constitution. The window period for challenges based on the constitutionality of chapter 95-182 opened on October 1, 1995, and closed on May 24, 1997. See Salters v. State, 758 So.2d 667 (Fla.2000). Because White committed the underlying offenses on February 7, 1997, which is within the applicable window period, he is entitled to a new sentencing hearing on remand. White must be resentenced under the valid laws in effect on February 7, 1997. See Webb v. State, 767 So.2d 481 (Fla. 2d DCA 2000).
Accordingly, we affirm Whites convictions and reverse and remand for resen-tencing.
WHATLEY and CASANUEVA, JJ„ Concur,