772 So.2d 1219 (2000)
James TARPLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96994.
Supreme Court of Florida.
November 9, 2000.
*1220 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Chief, Criminal Law, and M. Rebecca Springer, Assistant Attorney General, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
We have for review Tarpley v. State, 742 So.2d 503 (Fla. 3d DCA 1999), which is in express and direct conflict with the Second District's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), on the issue of whether chapter 95-182, Laws of Florida, violates the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.
Since the issuance of the decision below, this Court has resolved the inter-district conflict. Specifically, in State v. Thompson, 750 So.2d 643, 648 (Fla.1999), we held that chapter 95-182 violated the single subject rule. Moreover, because the offenses for which Tarpley was convicted occurred on September 25, 1996, he has standing to challenge chapter 95-182 on single subject rule grounds. See Salters v. State, 758 So.2d 667 (Fla.2000) (holding that those who seek to challenge the violent career criminal sentencing provision enacted by chapter 95-182 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997). Thus, consistent with our decisions in Thompson and Salters, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on the date of the offenses. See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offense).
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.