ON REMAND

TAYLOR, J.
Vincent Parrish (Parrish) was convicted of armed robbery with a deadly weapon and resisting arrest without violence. The relevant offenses occurred on November 22, 1996. Parrish was sentenced to life imprisonment as a violent career criminal. On appeal, he challenged his violent career criminal sentence, arguing that chapter 95-182, Laws of Florida (1995), violated the single subject requirement of the Florida Constitution.
In Parrish v. State, 760 So.2d 160 (Fla. 4th DCA), quashed by, 788 So.2d 246 (Fla.2001), we affirmed Parrish’s convictions. On rehearing, we granted Parrish’s motion to certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), approved in part by 750 So.2d 643 (Fla.1999), on the constitutional issue. The Florida Supreme Court held that chapter 95-182, Laws of Florida, violated the single subject rule *1255 contained in article III, section 6 of the Florida Constitution. 750 So.2d at 649. Because Thompson clearly had standing to raise a single subject challenge, the Thompson court declined to address the window period for such challenges. Id. at n. 4.
In Salters v. State, 758 So.2d 667, 671 (Fla.2000), however, the court held that the window period for challenging the violent career criminal sentencing provisions created by chapter 95-182, Laws of Florida, opened on October 1, 1995 and closed on May 24, 1997. Upon reconsideration of Pamsh, as mandated by our supreme court, we remand for resentencing, because the date of the offenses in this case fall within the applicable window period. See Parrish, 788 So.2d 246.
GUNTHER and SHAHOOD, JJ., concur.