PARKER, Judge.
Marese Barnes appeals the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with directions to the trial court to resentence Barnes on the charge of attempted murder of a law enforcement officer.[1]
Barnes committed his offenses on November 25, 1995. On August 5, 1996, the trial court sentenced Barnes to life in prison and classified him as a violent career criminal pursuant' to section 775.084(l)(c), Florida Statutes (1995). Following a direct appeal, Barnes filed a petition for habeas corpus in this court alleging ineffective assistance of appellate counsel for counsel’s failure to raise the unconstitutionality of his violent career criminal sentence. The State conceded that Barnes’ offense fell within the window for challenging the unconstitutionality of a violent career criminal sentence imposed pursuant to chapter 95-182, Laws of Florida. In *1028 Barnes v. State, 779 So.2d 366 (Fla. 2d DCA 2000), this court held that Barnes was entitled to be resentenced pursuant to State v. Thompson, 750 So.2d 643 (Fla.1999), granted Barnes’ petition for habeas corpus, and directed the trial court to re-sentence Barnes in accordance with the valid laws in effect on the date of Barnes’ offenses.
At a resentencing hearing on July 31, 2000, the trial court resentenced Barnes to life in prison and classified him as a habitual violent felony offender pursuant to “Section 775.084(4)(B)M, Florida Statutes.” The trial court’s authority for imposing a habitual violent felony offender sentence for a life felony was chapter 95-182. Barnes thereafter filed a motion to correct illegal sentence alleging that he was again sentenced pursuant to a statute found unconstitutional in Thompson. In denying Barnes’ motion to correct illegal sentence, the trial court specifically relied on chapter 95-182, the same chapter that the supreme court held unconstitutional in Thompson.
Because the trial court has again relied on an invalid sentencing statute, we reverse the trial court’s order denying Barnes’ motion to correct illegal sentence and remand for Barnes to be resentenced on the charge of attempted murder of a law enforcement officer. As we did in Barnes, we direct the trial court to resen-tence Barnes in accordance with the valid laws in effect on the date Barnes committed this offense.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.

. Although Barnes' motion also challenges his sentence for carrying a concealed firearm, the amended sentence on that conviction, imposed on July 31, 2000, is a legal sentence.