731 So.2d 826 (1999)
Leo SALTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3234.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant's motion for rehearing. We withdraw this court's opinion issued on January 27, 1999, and substitute the following:
We affirm appellant's conviction for strong armed robbery. We also affirm appellant's sentence as a violent career criminal pursuant to section 775.084(c), Florida Statutes (Supp.1996). See State v. Johnson, 616 So.2d 1, 2 (Fla.1993); Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998). We hold that appellant's opportunity to challenge his sentence, based upon the constitutionality of the statute, ended on October 1, 1996. Consequently, appellant lacked standing to challenge this issue, since his offenses occurred on April 27, 1997. "Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of Article III." Scott, 721 So.2d at 1246 (citing Johnson, 616 So.2d at 2).
We recognize and certify to the Supreme Court that our holding, as to the window of opportunity to challenge the statute, conflicts with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), rev. granted, 717 So.2d 538 (Fla.1998).
AFFIRMED.
STONE, C.J., DELL and STEVENSON, JJ., concur.