PERCÚRIAM.
Appellant pled guilty to burglary of a dwelling and escape. The trial court sentenced appellant as a violent career criminal to two concurrent thirty year sentences.
The supreme court recently held that , Chapter 95-182, Laws of Florida, is unconstitutional “as violative of the single subject rule contained in article III, section 6 of the Florida Constitution.” State v. Thompson, 750 So.2d 643 (Fla.1999).
This court and the second district have identified two different window periods for challenging Chapter 95-182 on single subject rule grounds. According to the second district, “persons who committed their criminal offenses on or after October 1, 1995, and before May 24, 1997, and were sentenced as violent career criminals for those offenses, have standing to challenge chapter 95-182 on single subject rule grounds.” Thompson, 750 So.2d at 645; see Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998). In Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), rev. granted, 749 So.2d 503 (Fla.1999), this court held that , the window period for the single subject rule challenge closed on October 1, 1996. In Thompson, the supreme court declined to resolve this conflict on the standing issue.
Appellant committed the burglary in this case on May 5, 1997. Thus, this charge falls outside the Salters window period; but inside that time limit identified in Thompson. The escape occurred on June 1, 1997, so for this charge appellant has no standing to raise the single subject rule challenge under both Salters and Thompson.
We find no error in the trial court’s denial of appellant’s pro se motion to withdraw his plea.
The judgments and sentences are affirmed. On the issue of the applicable window period, we certify conflict with the second district’s decision in Thompson, 708 So.2d at 317 n. 1.
KLEIN, GROSS, JJ., and BAILEY, . JENNIFER D., Associate Judge, concur.