PER CURIAM.
Appellant, James Osborne, was convicted of burglary of a dwelling. The crime occurred on February 5, 1997. Appellant *287 was sentenced as a violent career criminal pursuant to section 775:084(l)(c), Florida Statutes (1995). That portion of the sentencing statute was created by Chapter 95-182, Laws of Florida.
The supreme court has recently held that Chapter 95-182 was “unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution.” State v. Thompson, 750 So.2d 643 (Fla.1999).
This court has held that only those persons who committed their criminal offenses on or after October 1, 1995, and before October 1, 1996, had standing to challenge Chapter 95-182 on single subject grounds. See Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), rev. granted, 749 So.2d 503 (Fla.1999). According to the second district, the window period for the bringing of a single subject rule challenge closed on May 24, 1997, and not on October 1, 1996. The supreme court declined to rule of the standing issue in Thompson.
Since appellant committed the burglary on February 5, 1997, he does not have standing to challenge Chapter 95-182 on single subject rule grounds. On the standing issue, we certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998).
On the remaining issue, we find no error in the trial court’s denial of the motion for judgment of acquittal.
AFFIRMED.
DELL, POLEN and HAZOURI, JJ., concur.