PER CURIAM.
We have for review Morris v. State, 708 So.2d 697 (Fla. 2d DCA 1998), in which the Second District Court of Appeal followed its prior decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), in holding that chapter 95-182, Laws of Florida, is unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(1), Fla. Const.[1] Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as viola-tive of the single subject rule, we affirm the decision below and remand this cause for resentencing in accordance with the valid laws in effect on February 6, 1996, which is when Morris committed the underlying offense for which he was sentenced as a violent career criminal.[2] See Thompson, 750 So.2d at 644 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur. WELLS, J., dissents.

. We also note that the Morris Court’s holding expressly and directly conflicts with the Third District Court of Appeal's decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997).

. We note that Morris has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999). Further, we quash that portion of the decision below that remanded this cause for resentenc-ing in accordance with the valid laws in effect at the time that Morris was sentenced.