PER CURIAM.
Appellant was found guilty by jury of burglary of a dwelling (count I) and grand *1272 theft (count II). The trial court sentenced appellant as a violent career criminal to thirty years on count I and sentenced appellant to ten years imprisonment as a habitual felony offender on count II, to run concurrently with count I. We reverse.
In Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), rev. granted, 749 So.2d 503 (Fla.1999), this court held that only those persons who committed their criminal offenses on or after October 1, 1995 and before October 1, 1996, had standing to challenge Chapter 95-182, Laws of Florida on single subject rule grounds.
Appellant committed his offenses on March 24, 1996. Thus, the offenses fell within the Salters window period. Therefore, appellant has standing to challenge Chapter 95-182 on single subject rule grounds.
The supreme court recently held that Chapter 95-182 is unconstitutional “as violative of the single subject rule contained in article III, section 6 of the Florida Constitution.” State v. Thompson, 750 So.2d 643 (Fla.1999).
“Where a defendant commits an offense during the applicable window period but is sentenced after the unconstitutional chapter law has been cured, it would be improper to resentence the defendant under the valid laws in effect at the time of the original sentencing because those valid laws would include the unconstitutional chapter law that has been cured.” See State v. Thompson, 750 So.2d 643, 649 (Fla.1999). Accordingly, this case is remanded for appellant to be resentenced in accordance with the valid laws in effect on March 24, 1996, the date appellant committed the offenses.
REVERSED and REMANDED.
POLEN, GROSS and TAYLOR, JJ., concur.