PER CURIAM.
We have for review Gonzalez v. State, 724 So.2d 1271 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Jose Manuel Gonzalez’ violent career criminal sentences and certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla. 1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on November 22, 1995, the date on which Gonzalez committed the underlying offenses in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J, and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that Gonzalez has standing to raise a single subject rule challenge to chapter 95-182, Laws ol Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999). Further, even though Gonzalez failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 25 Fla. L. Weekly S137, S138, S140 n. 4, - So. 2d -, -, - n.4, 2000 WL 178052 (Fla. Feb. 17, 2000); Nelson v. State, 748 So.2d 237, 239-241 (Fla. 1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).