PER CURIAM.
We have for review John v. State, 728 So.2d 824 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed John John’s violent career criminal sentence based on its prior decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). In so affirming, the John court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla. 1999), we quash the decision below and remand for resentencing in accordance with the valid *106 laws in effect on June 29, 1996, the date on which John committed the underlying offense in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that John has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999).