755 So.2d 109 (2000)
Ricky Cooper McGOWAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95097.
Supreme Court of Florida.
March 30, 2000.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
We have for review McGowan v. State, 725 So.2d 470 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Ricky Cooper McGowan's conviction for unlawful possession of a firearm by a violent career criminal and certified conflict with the Second District Court of Appeal's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule contained in article III, section 6 of the Florida Constitution,[1] we quash the decision below, reverse McGowan's conviction, and remand to the trial court for any further proceedings not inconsistent with this opinion.[2]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.
NOTES
[1] Through the passage of chapter 95-182, Laws of Florida, the Legislature created the possession of a firearm offense for which McGowan was convicted. See Ch. 95-182, § 7, at 1673 (creating section 790.235, Florida Statutes). McGowan committed the underlying offense in this case on December 11, 1995, well before the Legislature reenacted section 790.235. See Ch. 96-388, 45, at 2336, Laws of Fla. (reenacting section 790.235, Florida Statutes, effective October 1, 1996). Accordingly, McGowan has standing to raise a single subject rule challenge to chapter 95-182, even assuming the window period for raising such a challenge closed on October 1, 1996, and we therefore need not address here whether chapter 96-388, Laws of Florida, itself violates the single subject rule.
[2] Even though McGowan failed to raise a single subject rule challenge to chapter 95-182, Laws of Florida, in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 25 Fla. L. Weekly S137, S138, S140 n. 4, ___ So.2d ___, ___ n. 4, 2000 WL 178052 (Fla. Feb. 17, 2000); Nelson v. State, 748 So.2d 237, 239-40 (Fla. 1999), cert. denied, ___ U.S. ___, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).