PER CURIAM.
We have for review Seay v. State, 728 So.2d 1181 (Fla. 2d DCA 1999), in which the Second District Court of Appeal relied on its prior decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), to reverse Shawn Seay’s violent career criminal sentence.[1] The Seay court’s decision expressly and directly conflicts with the Third District Court of Appeal’s decision in Higgs v. State, 695 So.2d 872, 873 (Fla. 3d DCA 1997). We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla. 1999), in which we held chapter 95-182, Laws of Florida, to be unconstitutional as violative of the single subject rule, we approve the decision below and remand this cause for resentenc-ing in accordance with the valid laws in effect on January 14, 1996, which is when Seay committed the underlying offense in this case.[2] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Although the record in this case does not conclusively show that the trial court sentenced Seay as a violent career criminal, the Second District Court of Appeal and the parties here uncontestedly assert that the trial court in fact did so. Accordingly, for purposes of review, we assume that Seay was sentenced as a violent career criminal.

. We note that Seay has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999). Further, even though Seay failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n.4 (Fla.2000); Nelson v. State, 748 So.2d 237, 239-241 (Fla. 1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla. 1993).