759 So.2d 683 (2000)
Leroy Ricardo LEVAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96657.
Supreme Court of Florida.
May 25, 2000.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, and Barbara A. Zappi, Assistant Attorneys General, Ft. Lauderdale, Florida, for Respondent.
PER CURIAM.
We have for review Levan v. State, 741 So.2d 611 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Leroy Ricardo Levan's conviction for unlawful possession of a firearm by a violent career criminal, as well as his sentence as a violent career criminal. In affirming the sentence, the Third District rejected Levan's challenge to chapter 95-182, Laws of Florida, and certified conflict with the Second District Court of Appeal's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998).[1]See Levan, 741 So.2d at 612. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held chapter 95-182 to be unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution, we quash the decision below, reverse Levan's conviction,[2] and remand to the trial court for any further proceedings not inconsistent with this opinion. See McGowan v. State, 755 So.2d 109 (Fla.2000).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.
NOTES
[1] The Third District did not indicate that Levan failed to challenge chapter 95-182, Laws of Florida, in the trial court. We find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, ___ U.S. ___, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).
[2] Through the passage of chapter 95-182, Laws of Florida, the Legislature created the possession of a firearm offense for which Levan was convicted. See Ch. 95-182, § 7, at 1673 (creating section 790.235, Florida Statutes). Levan committed the offense on May 19, 1996, and he therefore has standing to raise a single subject rule challenge to chapter 95-182 even if the window period closed on October 1, 1996. Finally, although Levan challenges only his sentence-not his conviction-we sua sponte reverse his conviction because our decision in Thompson rendered the crime for which he was convicted non-existent during the applicable window period. Cf., e.g., Tape v. State, 661 So.2d 1287, 1288-90 (Fla. 4th DCA 1995) (reversing, sua sponte, defendant's conviction for attempted first-degree felony murder because this Court's decision in State v. Gray, 654 So.2d 552 (Fla. 1995), rendered that offense non-existent).