PER CURIAM.
We have for review Hunt v. State, 742 So.2d 531 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed the ruling of the trial court in Calvin Donnell Hunt’s case and certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), we quash the decision below and remand for resentencing in accordance with the valid laws in effect on May 2, 1996, the date on which Hunt committed the underlying offenses in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that Hunt has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), quashed, 758 So.2d 667 (Fla.2000). Further, even though Hunt failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620-623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999) cert. denied, -U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 *683 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).