PARKER, Acting Chief Judge.
Sylvester B. Morris appeals the order denying his motion to correct illegal sentence, arguing that his violent career criminal sentence imposed under chapter 95-182, Laws of Florida, is illegal because that chapter violates the single subject rule contained in article III, section 6, of the Florida Constitution. We agree, reverse, and vacate his judgment and sentence.
Morris committed the offense of possession of a firearm by a violent career *4 criminal on May 5, 1996. He, therefore, has standing to challenge his sentence which the trial court imposed pursuant to section 775.084, Florida Statutes (1995), as amended by chapter 95-182, Laws of Florida. See Salters v. State, 758 So.2d 667 (Fla.2000). Morris’s sentence under section 775.084 is unconstitutional as chapter 95-182 violates the single subject rule contained in article III, section 6, of the Florida Constitution. See State v. Thompson, 750 So.2d 643 (Fla.1999). Ordinarily, we would be compelled to remand for resen-tencing. Id. However, although not argued by Morris, Thompson rendered the crime of possession of a firearm by a violent career criminal nonexistent on May 5, 1996. See Levan v. State, 759 So.2d 683 (Fla.2000) (noting that the offense of possession of a firearm by a violent career criminal was created through the passage of chapter 95-182). Accordingly, Morris is entitled to have his conviction and sentence vacated. Id. The State concedes error.
Judgment and sentence vacated. Reversed and remanded for further proceedings.
WHATLEY and CASANUEVA, JJ„ Concur.