PER CURIAM.
Appellant, Lavon Jackson, appeals his conviction and sentence of possession of a firearm by a violent career criminal pursuant to section 790.235, Florida Statutes (1995). We reverse the conviction, because the statute was enacted in violation of the single-subject provision of the Florida constitution.
A four-count information was filed against appellant in February 1996. However, this appeal concerns only an amended count charging that on January 19, 1996, appellant committed the offense of possession of a firearm by a violent career criminal, in violation of section 790.235, *307 Florida Statutes (1995). Contemporaneously with the amended information, the state filed notice of intent to seek enhanced penalties as a violent career criminal in possession of a firearm. A jury found appellant guilty as charged, and the trial court imposed a mandatory minimum 15-year sentence pursuant to section 790.235(1), Florida Statutes (1995). An appeal was taken, and in an opinion issued September 28, 1998, this court held that section 790.235 was constitutional on its face, and as applied to appellant. Nevertheless, appellant’s conviction was reversed and remanded for retrial, because the trial court made an improper comment in the presence of jurors as to the charges which had been severed from the count for which appellant was tried. See Jackson v. State, 729 So.2d 947 (Fla. 1st DCA 1998).
On retrial, the jury found appellant guilty as charged in the information of possession of a firearm by a convicted felon. The jury further found that appellant previously had been convicted of three or more qualified offenses, had been incarcerated in a state or federal prison, and the subject felony was committed after October 1,1995, and within five years after the conviction of the last prior qualified offense.
The issue presented is the constitutionality of chapter 95-182, Florida Laws. In State v. Thompson, 750 So.2d 643 (Fla. 1999), the supreme court held that chapter 95-182 violates the single subject rule of Article III, section 6 of the Florida Constitution. The provisions contained in chapter 95-182 became effective October 1, 1995. See Ch. 95-182, § 12, at 1675. The supreme court noted that—
[according to the Second District’s decision in Thompson, the applicable window period for challenging chapter 95-182 on single subject rule grounds opened on October 1, 1995, and closed on May 24, 1997, the date on which chapter 97-97, Laws of Florida, reenacted the provisions contained in chapter 95-182 as part of the Legislature’s biennial adoption of the Florida Statutes. See Thompson v. State, 708 So.2d 315, 317 n. 1 (Fla. 2d DCA 1998).
See State v. Thompson, 750 So.2d at 645. The supreme court further recognized that the Fourth District designated the closing of the window period as October 1, 1996, the enactment date of chapter 96-388, Laws of Florida. See Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), review granted, 749 So.2d 503 (Fla.1999), decision quashed at 758 So.2d 667 (Fla.2000).
In Thompson, the supreme court did not rule upon the differing positions regarding the applicable window period for persons challenging a conviction for possession of a firearm by a violent career criminal, because Thompson had standing to challenge the constitutionality of chapter 95-182 under either window period. See Thompson, 750 So.2d at 649, n. 4.[1] The court remanded Thompson’s cause for resentencing in accordance with the valid laws in effect on November 16, 1995, the date on which Thompson committed her offenses. See id.
Subsequently, the court resolved the conflict between the window periods announced by the Second District in Thompson and the Fourth District in Salters. See Salters v. State, 758 So.2d 667 (Fla.2000). In its Salters opinion, the court held that individuals “who are challenging the violent career criminal sentencing provisions enacted by chapter 95-182 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997.” See id. at 671. However, the court did not determine when the window period closed for persons who attempt to challenge a conviction of the offense of possession of a firearm by a violent career criminal, because that question was not before the court in Salters. See id. at 671, n. 9.
*308 In the instant ease, the state agrees that appellant has standing to challenge the constitutionality of chapter 95-182 under either of the window periods indicated in the district court decisions in Thompson and Salters. Since the supreme court has ruled that chapter 95-182 is unconstitutional, and the state agrees appellant has standing to raise a constitutional challenge to chapter 95-182, we, therefore, vacate the conviction and sentence and remand to the trial court for any further proceedings not inconsistent with this opinion. See Levan v. State, 759 So.2d 683 (Fla.2000); McGowan v. State, 755 So.2d 109 (Fla.2000).
JOANOS, ALLEN and KAHN, JJ., CONCUR.

. In McGowan v. State, 755 So.2d 109, n. 2 (Fla.2000), the court held that a single subject challenge may be addressed for the first time on appeal.