PER CURIAM.
The appellant challenges the trial court’s order denying his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.
The trial court denied the motion on the basis that the appellant did not have standing, relying on the Fourth District’s decision in Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), which declared that the window period for challenging the violent career criminal statute begins on October 1, 1995, and ends on October 1, 1996. However, the supreme court in Salters v. State, 758 So.2d 667, 671 (Fla.2000), extended the window period for challenging the violent career criminal statute to end on May 24, 1997. Based on the supreme court’s decision in Salters, the appellant has raised a facially sufficient claim by alleging that his offense was committed on February 20, 1997, and that he was prejudiced by the amendments to chapter 95-182, which created the violent career criminal statute. See State v. Thompson, 750 So.2d 643, 647 (Fla.1999).
Therefore, we reverse the appellant’s violent career criminal sentence and remand for resentencing in accordance with the valid laws in effect on February 20, 1997, the date on which the appellant committed the underlying offense in this case. See id. at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
REVERSED and REMANDED.
BOOTH, BENTON and LEWIS, JJ., concur.